IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,569






EX PARTE JAMES EARL BELCHER, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-17,038 IN THE 161ST JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to forty years' imprisonment. He did not appeal his conviction.

 Applicant contends that he was erroneously denied appointed counsel at his parole revocation
hearing. A parolee is not absolutely entitled to appointed counsel for a revocation hearing. Gagnon
v. Scarpelli, 400 U.S. 778, 790, 93 S. Ct. 1756, 1763, 36L. Ed. 2d 656, 666 (1973). The decision
to appoint counsel must be made on a case-by-case basis. Id. "When a parolee may have difficulty
in presenting his version of a disputed set of facts or when the facts or mitigating circumstances are
so complex that they can fairly be presented only by a trained advocate, counsel should be appointed
in a parole revocation proceeding." Ex Parte Taylor, 957 S.W.2d 43, 47 (Tex. Crim. App. 1997).

 Applicant alleges that he has had a stuttering problem his entire life. He had requested an
attorney at his parole revocation hearing due to his problem in communicating. His request was
denied by the hearing officer. This Court remanded to the trial court for a hearing and findings on
whether or not Applicant's speech problem entitled him to appointed counsel at the time of his
revocation hearing. The trial court determined that counsel should have been appointed. We agree.

 We find, therefore, that Applicant is entitled to a new parole revocation hearing with the
assistance of appointed counsel. The officials at the Texas Department of Criminal Justice,
parole division are ordered to give Applicant a new parole revocation hearing after appointing
counsel to represent him. The trial court has also entered findings that based on the evidence
presented to that court, Applicant may be actually innocent of the grounds for which his parole
was revoked. If, after Applicant's new hearing, he is found to have not violated his parole
conditions, he shall be immediately returned to parole status.


Delivered: December 13, 2006

Do Not Publish